# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. JONES, ) | |
| ) | Civil Action No. 16 – 1174 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| UNKNOWN D.O.C. BUS DRIVER ) | |
| AND TRANSPORTATION CREW, ) | |
| MARK CAPOZZA, *Superintendent*, ) | |
| and CAPT. MOHRING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### A. Procedural Background

William R. Jones (hereinafter referred to as "Plaintiff") is a former Pennsylvania state prisoner who initiated this matter in the United States District Court for the Eastern District of Pennsylvania on July 28, 2016. (ECF No. 1.) His Complaint (ECF No. 3) was subsequently transferred to this Court on August 4, 2016 (ECF No. 5).

On August 30, 2016, the undersigned issued a Report and Recommendation ("R&R") finding the Complaint time-barred and recommending the dismissal of it with prejudice pursuant to 28 U.S.C. §§ 28 U.S.C. 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 7.) Plaintiff filed untimely objections to the R&R (ECF No. 11) that were nonetheless addressed by the Court in a Memorandum Opinion and Order dated September 30, 2016 (ECF Nos. 12, 13). The Court declined to adopt the R&R finding the Complaint time-barred after taking into consideration the

1

time Plaintiff spent exhausting his administrative remedies; however, the Court found that the Complaint still failed to state a claim upon which relief could be granted and ultimately dismissed it with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Id.

Plaintiff appealed the dismissal of his Complaint (ECF No. 14), and the Third Circuit Court of Appeals issued an Opinion vacating this Court's Order and remanding the case with instructions that Plaintiff be permitted an opportunity to amend his Complaint. (ECF No. 17-1.) The case was reopened (ECF No. 18) and Plaintiff filed an Amended Complaint on January 3, 2018 (ECF No. 23). The Amended Complaint was served and Defendants Capozza and Mohring filed a Motion to Dismiss and Brief in Support thereof on May 7, 2018. (ECF Nos. 34, 35.) Plaintiff filed his response in opposition on July 10, 2018. (ECF No. 40.) The Motion is now ripe for review.

### B. Factual Background

Plaintiff's claims arise from two separate bus rides that occurred while he was in the custody of the Pennsylvania Department of Corrections. *See*, *generally*, ECF No. 23. The first bus ride occurred on October 31, 2013, when Plaintiff was transferred from SCI-Pine Grove to SCI-Smithfield. The second bus ride occurred on November 12, 2013, Plaintiff's return trip from SCI-Smithfield to SCI-Pine Grove. Plaintiff alleges that the unknown bus driver, who was from SCI-Pittsburgh, subjected him to retaliation and denied him access to the courts by switching his property with that of another inmate on the bus. He also alleges that the driver was verbally abusive and placed him in the segregation cage without reason during the return trip on November 12, 2013, which caused him to have a mental breakdown.

C. **Discussion**

   1. **Plaintiff's status at the time of filing his complaint.**

In their Motion to Dismiss, Defendants ask this Court to revisit the issue of whether Plaintiff's Complaint is time-barred by the applicable statute of limitations. In support of their argument, they assert that the Prison Litigation Reform Act ("PLRA"), which requires prisoners to first exhaust their administrative remedies before filing a lawsuit, does not apply to Plaintiff because he was not a prisoner on the day that he filed his Complaint in this case. As such, they argue that Plaintiff is not entitled to the benefit of tolling during the time he spent exhausting his administrative remedies.

First, it is noted that Plaintiff either misrepresented his status as a prisoner when he initiated this lawsuit in the Eastern District of Pennsylvania, or the Clerk's Office incorrectly listed Plaintiff's address as being SCI-Pine Grove. A review of his initial Complaint reveals that Plaintiff indicated that he was currently confined and that his address of record was SCI-Pine Grove (ECF No. 3), but, on his civil cover sheet (ECF No. 1-2), Plaintiff listed his address as 5716 Market Street, Philadelphia, Pennsylvania 19139. When the case was transferred to this Court, Plaintiff's address was listed on the docket as being SCI-Pine Grove. Indeed, that is the address the undersigned used when the R&R was mailed to Plaintiff on August 30, 2016. *See* ECF No. 7, p.6. The R&R was never returned to the Court as undeliverable and it is not known how Plaintiff received it if he was not incarcerated at that time. However, on September 9, 2016, Plaintiff filed a Notice of Change of Address indicating that his address was 5716 Market Street in Philadelphia. (ECF No. 8.) Thus, the Court was under the impression that Plaintiff had been released from custody after he received the R&R and was now residing in Philadelphia. This Court was not aware that Plaintiff was not a prisoner at the time he initiated this lawsuit until he

filed his Amended Complaint on January 3, 2018, wherein he indicated that he was paroled on September 5, 2014. (ECF No. 23, p.1.)

   2. **Plaintiff's claims are barred by the applicable statute of limitations.**

Civil rights complaints are subject to the statute of limitations for personal injury actions of the pertinent state. In this case, Pennsylvania's two-year statutory period applies to Plaintiff's claims. *See* Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); *see also* 42 Pa. C.S. § 5524.

The events that gave rise to this litigation occurred on October 31, 2013 and November 12, 2013, but Plaintiff did not initiate this case until July 28, 2016, more than two-and-a-half years later. Thus, Plaintiff's claims are clearly time-barred unless he can demonstrate entitlement to tolling.

   3. **Plaintiff is not entitled to any tolling.**

Plaintiff states that he is entitled to tolling of the statute of limitations during the time he spent exhausting his administrative remedies. Indeed, that was the basis for his Objections in response to the undersigned's initial R&R that recommended dismissal of his claims as time-barred, and the reason why the Court declined to dismiss the Complaint. However, at that time, the Court was under the impression that Plaintiff was a prisoner when he initiated this action and was therefore subject to the PLRA's mandatory exhaustion requirement during which time the Court must allow for tolling. *See* Pearson v. Secretary Dept. of Corrections, 775 F.3d 598 (3d Cir. 2015). Now that the Court is aware that Plaintiff was not a prisoner at the time he filed his Complaint, that analysis is altered.

Fatal to Plaintiff's argument is the fact that the PLRA's mandatory exhaustion requirement found in 42 U.S.C. § 1997e(a) is inapplicable to him. The Third Circuit Court of Appeals has found that the PLRA does not apply to actions filed by former prisoners, *see* Ahmed

v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002) (citing cases), and, a plaintiff's status as a prisoner is determined not at the time of the incident, but when the lawsuit is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Thus, a former prisoner who files a complaint after having been released from custody is not barred from proceeding with the lawsuit based on his failure to exhaust his administrative remedies since he was not a prisoner at the time of filing. *See* Ahmed, 297 F.3d at 210, n.10. Plaintiff was not a prisoner at the time he initiated this action, and, even though he arguably did so, he was not required to have exhausted his administrative remedies.

While not specifically addressed by our Circuit, this Court and other district courts within the Third Circuit have found that a plaintiff who was not prisoner at the time of the filing of the complaint was not entitled to tolling for the period of time he was exhausting his administrative remedies. *See* Perel v. Joseph, 2018 WL 3195114, at *4 (W.D. Pa. June 4, 2018) (citing Grohs v. Lanigan, 2017 WL 3055510, at *3 (D.N.J. July 19, 2017)); *see also* Ricketts v. Weehawken Police Department, 2017 WL 66385, at *3 (D.N.J. Jan 6, 2017). Other district courts to have addressed the issue have arrived at the same conclusion. *See* Robertson v. Shelby County, Tennessee, 2007 WL 9706140, at *13-14 (W.D. TN July 13, 2007); Scott v. Larabell, 2007 WL 1031643, at *3-4 (W.D. Mich. Apr. 3, 2007). Thus, Plaintiff's status as a non-prisoner at the time he filed his Complaint bars him from entitlement to the tolling principle announced in Pearson.

Plaintiff is also not entitled to equitable tolling of the statute of limitations. Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her

5

rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. A'ppx 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)). None of these situations apply here.

Plaintiff was clearly aware of the existence of potential causes of action as of the date of the two incidents in question. Furthermore, Plaintiff had over a year to file a timely complaint after he was paroled on September 5, 2014. As more than two years passed between the accrual of the claims and the filing of Plaintiff's Complaint, it will be dismissed as time-barred.

Dated: October 24, 2018.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: William R. Jones
5370 Hazelhurst Street
Philadelphia, PA 19131

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. JONES, | ) | |
| | ) | Civil Action No. 16 – 1174 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| UNKNOWN D.O.C. BUS DRIVER | ) | |
| AND TRANSPORTATION CREW, | ) | |
| MARK CAPOZZA, *Superintendent*, | ) | |
| and CAPT. MOHRING, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 24th day of October, 2018, and pursuant to the Court's Memorandum Opinion issued herewith,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 34) is **GRANTED** on the basis of applicability of the statute of limitations.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (ECF No. 23) is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order

objected to and the basis for the objection.[1] Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

                        Lisa Pupo Lenihan
                        United States Magistrate Judge

cc: William R. Jones
    5370 Hazelhurst Street
    Philadelphia, PA 19131

---

[1] Consents to magistrate judge jurisdiction were received from all served parties and, on April 6, 2018, the District Judge granted consent and transferred the case to the undersigned as presider. However, there is an unidentified and therefore unserved defendant in this matter. Until he is identified and served there cannot be complete consent.